IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK MILLER                                                                                          PLAINTIFF

        v.        Civil No. 06-5050

BENTON COUNTY JAIL; KEITH FERGUSON,
Sheriff, Benton County, Arkansas, and DEPUTY
BARRETT, Benton County Jail                                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mark Miller brings this pro se civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while detained in the Benton County Detention Center. The defendants have filed a motion to dismiss (Doc. 12) the Benton County Jail as a defendant in this action. The plaintiff has not filed a response to this motion. The defendants have also filed a motion (Doc. 14) to dismiss this action because plaintiff has not complied with local court rules to keep the court informed of his current address.

In their motion, defendants state that the Benton County Jail is not a person recognized under 42 U.S.C. § 1983, and thus should be dismissed as a party in this action. (Doc. 20.) In the brief in support, defendants explain that section 1983 authorizes the imposition of liability against "persons" who, acting under color of state law, subjects a citizen to a deprivation of constitutional rights, and that the Benton County Jail is a building and not a "person" amenable to suit under section 1983.

We agree. The Benton County Jail is not a legal entity subject to suit under section 1983. *See e.g., Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y.1994) ("jail is not an entity

that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn.1987) (sheriff's department is not legal entity subject to suit), *aff'd, Myers v. Scott County*, 868 F.2d 1017 (8th Cir.1989).

Concerning the defendants' motion (Doc. 14) to dismiss this action because the plaintiff has failed to keep the court apprised of his current address, the court has located a possible current address for plaintiff and entered a change-of-address order to reflect this new address. As the court favors resolution of cases on their merits, defendants' motion (Doc. 14) to dismiss should be denied. The plaintiff is reminded, however, that he is responsible for maintaining a current address with the court.

Therefore, I recommend that defendants' motion (Doc. 12) to dismiss the Benton County Jail as a defendant be GRANTED and this party be DISMISSED. Notably, there are several other defendants named in this action, so the plaintiff will be able to pursue his claims against these defendants.

Further, I recommend that plaintiff's August 14, 2006 motion (Doc. 14) to dismiss be DENIED.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

AO72A
(Rev. 8/82)

DATED this 28th day of August 2006.

                                       **/s/ Beverly Stites Jones**
                             _____
                             HON. BEVERLY STITES JONES
                             UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**